**Clyde J. PINTO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72822.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Clyde J. Pinto, Redwood City, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John D. Williams, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Clyde J. Pinto, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") or-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

der dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), we deny the petition for review.

Because the inconsistencies between Pinto's testimony, his asylum interview, and his asylum application regarding the timing of political activity and his affiliation with specific organizations go to heart of his claim, substantial evidence supports the IJ's and BIA's denial of asylum based on an adverse credibility determination. *See Li v. Ashcroft,* 378 F.3d 959, 962–64 (9th Cir.2004).

Because Pinto failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, because Pinto's claim under CAT is based on the same testimony that the IJ found not credible, and Pinto points to no other evidence that he could claim the IJ could have considered in making its determination under CAT, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.